IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRIN W. SHATNER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-599-NJR-RJD |
| | ) |
| **MICHAEL ATCHISON, et al.,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This case is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and the supplements to the motion. (Docs. 120, 124, 125).

Plaintiff Darrin Shatner ("Shatner") is an inmate of the Illinois Department of Corrections ("IDOC"), and Defendants are IDOC employees. Shatner has been an inmate at various IDOC correctional facilities since he entered IDOC's custody in 1993, but the events that give rise to this litigation occurred in 2012 while he was at Menard Correctional Center ("Menard"). Shatner transferred from Menard to another facility in January 2013 but returned in May 2016 (Doc. 96-1 at 83; Doc. 120 at 1).

On June 23, 2013, Shatner filed a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). The case was previously assigned to Senior District Judge J. Phil Gilbert, who screened Shatner's complaint pursuant to 28 U.S.C. § 1915A (*see* Doc. 9) and allowed Shatner to

proceed in this action on two claims:[1]

**Count 1:**   Defendants McDonnough, Dunn, Cowan, Dilday, Atchison, Harrington, and Godinez confiscated Shatner's personal property on August 14, 2012, in retaliation and in violation of the First Amendment Free Exercise and Free Speech Clauses;

**Count 2:**   Defendants Fedderke and Nagel confiscated Shatner's personal property on September 15, 2012, in retaliation and in violation of the First Amendment Free Exercise clause.

On September 28, 2016, the Court granted partial summary judgment and dismissed Defendants Harrington, Atchison, and Godinez because they were not personally involved in any allegedly unconstitutional conduct (*see* Doc. 128). At that time the Court also dismissed Defendant Nagel because Shatner withdrew his claims against him. Counsel was then recruited to assist Shatner at trial on the retaliation and First Amendment Free Exercise and Free Speech claims against Defendants McDonnough, Dunn, Cowan, Dilday, and Fedderke. As set forth above and in the Court's September 28 Memorandum and Order, those claims relate to the confiscation of Shatner's personal property at Menard in September 2012 (*Id*).

On May 31, 2016, Shatner filed a motion for injunctive relief, which he supplemented on July 12 and July 26, 2016.

## BACKGROUND

According to the Shatner's motion, the following events occurred earlier this year: On May 11, 2016, correctional officers searched Shatner's bodily cavities upon his arrival to Menard in a humiliating manner. On May 12, 2016, Defendant Cedric McDonnough

---

[1] Shatner's claims were severed into multiple separate lawsuits:
*Shatner v. Atchison, et al.*, 3:13-cv-00599 (this case);
*Shatner v. New, et al.*, 3:13-cv-00703 (alleging that the sewing needle charge was retaliatory);
*Shatner v. Atchison, et al.*, 3:13-cv-00704 (deliberate indifference to medical needs claim); and
*Shatner v. Dunn, et al.*, 3:13-cv-00705 (this case was voluntarily withdrawn by Shatner).

said, "Good, you're back. Now I'm going to fuck you up worse than last time." On May 14, 2016, Officer Purdon referred to Shatner as the "king of lawsuits" and a "devil worshipper" and denied Shatner his property upon his transfer. On May 19, 2016, when Shatner went to retrieve his property and informed Officer LaFond that his religious materials and art supplies were missing, Officer LaFond unstrapped his mace, instructed Shatner to return to his cell emptyhanded, and told Shatner that "he didn't care about many lawsuits [Shatner] filed, that [he] wasn't getting any devil shit or oil paint boards, pastels, or any other legal property." On June 30, 2016, Shatner returned from a court writ and found that Officer LaFond removed additional art supplies from Shatner's property box. On July 22, 2016, a chaplain confiscated Shatner's medallion (*See* Doc. 120).

Shatner also alludes to death threats from correctional officers in a vague manner throughout the motion and alleges that Defendant McDonnough threatened to kill him in 2012. Shatner requests an order for the return of and continued access to tarot cards, silver chain and star medallion, legal property, and art supplies. Shatner further requests an order to secure Shatner's physical safety or for a transfer to another facility.

## ANALYSIS

"The purpose of preliminary injunctive relief is 'to minimize the hardship to the parties pending the ultimate resolution of the lawsuit.'" *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998) (quoting *Faheem–El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988)). "In [the Seventh Circuit], the standards for a TRO and a preliminary injunction are functionally identical." *Crue v. Aiken*, 137 F.Supp.2d 1076, 1082–83 (C.D. Ill. 2001). "In order to obtain a preliminary injunction, the moving party

must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id*. "A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit." *Welch v. Tritt*, No. 15-CV-191, 2015 WL 6971312, at *1 (E.D. Wis. Nov. 9, 2015) (citing *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997)). "[A] District Court does not have jurisdiction to award a preliminary injunction for an injury unrelated to any cause of action found in the complaint." *Johnson v. City of Rock Island, Ill.*, No. 4:11-CV-4058-SLD-JAG, 2012 WL 5425605, at *2 (C.D. Ill. Nov. 6, 2012) (*citing Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198 (2d Cir. 1985)); *see also Lake v. Robert*, No. 13-CV-0198-MJR-SCW, 2014 WL 3610405, at *1 (S.D. Ill. July 22, 2014); *Jackson v. Welborn*, No. 12-CV-961-JPG-PMF, 2013 WL 1287369, at *3 (S.D. Ill. Mar. 6, 2013).

Shatner has not demonstrated a relationship between the allegations in his motion and those in the complaint. Although his motion for injunctive relief asserts the

same type of *claim* as those remaining in this case, it focuses on *conduct* three years removed from that described in the complaint. While the motion and the complaint both pertain to events at Menard, Shatner resided at other correctional facilities from January 2013 to May 2016. And, with the exception of a passing mention of Defendant McDonnough, the motion asserts allegations against individuals who were never parties to this case. Because the allegations in Shatner's motion for injunctive relief are unrelated to those in the complaint, the motion is denied.

## CONCLUSION

For the reasons set forth above, the Motion for a Temporary Restraining Order and Preliminary Injunction (Docs. 120, 124, 125) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   November 8, 2016

s/ Nancy J. Rosenstengel<br>
**NANCY J. ROSENSTENGEL**<br>
**United States District Judge**