IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DARRIN W. SHATNER, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 13-CV-599-NJR-RJD |
| JOSEPH COWAN, ROBERT DILDAY, CEDRIC MCDONNOUGH, DANIEL DUNN, and KEVIN FEDDERKE, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Before the Court is a Motion for a Preliminary Injunction filed by Plaintiff Darrin W. Shatner ("Shatner") (Doc. 147). Shatner is an inmate with the Illinois Department of Corrections ("IDOC"), and Defendants are employees of the IDOC. On June 23, 2013, Shatner filed a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). On September 28, 2016, the Court granted partial summary judgment (Doc. 128). The claims that survived summary judgment relate to the confiscation of Shatner's personal property at Menard Correctional Center ("Menard") in September 2012 (*Id.*). Shatner was transferred from Menard in January 2013, but returned to Menard in May 2016 (Doc. 96-1 at 83; Doc. 120 at 1). On March 15, 2017, Shatner filed the instant motion for injunctive relief.[1]

---

[1] The Court notes that Shatner filed this motion after he was appointed counsel and after counsel entered their appearances on his behalf. Generally, the Court will not entertain *pro se* motions filed by a plaintiff once he receives counsel. Nonetheless, the Court will address the motion in this limited instance.

## Background

According to Shatner's motion, the following events occurred. On March 8, 2017, Shatner was transferred from the Northern Reception and Classification Center to Menard. Early the next morning, Shatner was taken from his cell to be transported to Peoria for a hearing related to his case with the United States District Court for the Central District of Illinois. By this time, Shatner had not slept for forty-eight hours and had not received his psychiatric medication. Shatner agreed to settle the case later in the day on March 9, 2017.

When Shatner returned to Menard, two correctional officers escorted Shatner to the segregation unit and assaulted him with books and chairs. Shatner was then placed in a segregation cell and informed that he was under investigation. Shatner was denied access to pen and paper and deprived of toiletries, bedding, and undergarments. On March 12, 2017, Shatner suffered two seizures as a result of withdrawal from his psychiatric medication. Shatner was told that Officer Nagel, who manages the property room for the segregation unit, had Shatner's property and that Shatner would receive his property as Officer Nagel saw fit within a few weeks.

Officer McCarthy and Major Childers drafted the document placing Shatner under investigatory status on the same day and at the same time that Shatner settled the case in the Central District of Illinois. Shatner alleges that the events that occurred upon his return to Menard constituted retaliation for litigation and his religious practices and beliefs. Shatner requests an order for placement into general population, the return of his property and medication, and the prohibiting of further assaults. Shatner also requests

that the Court enforce an order from the Circuit Court of Cook County, Illinois, regarding access to the law library.

**ANALYSIS**

"The purpose of preliminary injunctive relief is 'to minimize the hardship to the parties pending the ultimate resolution of the lawsuit.'" *Platinum Home Mortg. Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998) (citing *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988)). "In this circuit, the standards for a TRO and a preliminary injunction are functionally identical." *Crue v. Aiken*, 137 F. Supp. 2d 1076, 1082–83 (C.D. Ill. 2001). "In order to obtain a preliminary injunction, the moving party must show that: (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest." *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004).

"A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* "A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit." *Welch v. Tritt*, No. 15-CV-191, 2015 WL 6971312, at *1 (E.D. Wis. Nov. 9, 2015) (citing

*Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997)). "[A] District Court does not have jurisdiction to award a preliminary injunction for an injury unrelated to any cause of action found in the complaint." *Johnson v. City of Rock Island, Ill.*, No. 4:11-cv-4058-SLD-JAG, 2012 WL 5425605, at *2 (C.D. Ill. 2012) (citing *Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198 (2d Cir. 1985)); *see also Lake v. Robert*, Case No. 13-cv-0198-MJR-SCW, 2014 WL 3610405, at *1 (S.D. Ill. July 22, 2014); *Jackson v. Welborn*, No. 12-cv-00961-JPG-PMF, 2013 WL 1287369, at *3 (S.D. Ill. Mar. 6, 2013).

Shatner has not demonstrated a relationship between the allegations in his motion and those in the complaint. Although the motion for injunctive relief asserts a claim similar to those remaining in this case, it focuses on conduct more than four years removed from that described in the complaint. While the motion and the complaint both pertain to events that occurred at Menard, Shatner resided at other correctional facilities in the interim, from January 2013 to May 2016. Moreover, the instant motion asserts allegations against individuals who are not parties to this case. Because the allegations in the instant motion are unrelated to those in the complaint, the Court denies Shatner's motion for injunctive relief.

## Conclusion

For the reasons set forth above, Shatner's Motion for a Preliminary Injunction (Doc. 147) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED: **April 28, 2017**

                                               **NANCY J. ROSENSTENGEL**
                                               **United States District Judge**