# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRIN W. SHATNER, | ) |
| Plaintiff, | ) ) ) |
| vs. | )    Case No. 3:13 CV 599 NJR/RJD |
| MIKE ATCHISON, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Compel. (Doc. 224.) On October 5, 2017, Plaintiff filed the instant motion, seeking to compel discovery from Defendants in connection with Plaintiff's Motion for Sanctions. On October 17, 2017, the Court held a discovery dispute conference and heard arguments on the Motion to Compel. (Doc. 227.) The discovery dispute focuses on Defendants' discovery responses in which they reference but decline to produce "email correspondence between AAG Jeremy Tyrrell and Menard Litigation Coordinator Jill Wehrheim dated June 12, 2017, and June 19, 2017, concerning the procurement of June 12, 2017, and June 19, 2017, John Reed declarations." Defendants objected on the basis of work product doctrine.[1]

The Federal Rules of Civil Procedure codify the work product doctrine and state as follows:

> (A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

---

[1] At the discovery dispute conference, when the Court asked whether the objection was based on attorney-client privilege, defense counsel responded that it was not.

> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3); *see also Caremark, Inc. v. Affiliated Computer Servs., Inc.,* 195 F.R.D. 610 (N.D. Ill. 2000).

Here, Defendants' objection indicates that the work product doctrine applies to the email correspondence at issue. The correspondents consist of Jeremy Tyrrell, Defendant Lashbrook's attorney, and Jill Wehrheim, who works under Defendant Lashbrook at Menard Correctional Center as the litigation coordinator. Thus, the authors of the documents at issue are representatives of Defendant Lashbrook, and the parties do not dispute that the emails – which relate to the procurement of a sworn declaration that was later submitted to the Court – are documents drafted in connection with this litigation.

However, the Court finds that Plaintiff has satisfied the exception to the work product doctrine. To meet this exception, the requesting party must show that the emails are otherwise discoverable under Fed. R. Civ. P. 26(b)(1), which requires that requested discovery materials be relevant, non-privileged, and proportionate to the needs of the case. On June 26, 2017, Plaintiff moved for leave to conduct discovery related to, *inter alia*, the procurement of John Reed's declarations, which the Court granted. (Docs. 192, 195, 201.) Defendants argue that the email correspondence is not relevant, but the email correspondence – which Defendants describe as concerning the procurement of John Reed's declarations – falls within the permitted scope of

2

discovery. Defendants assert no privilege other than the work product doctrine and do not assert that producing the email correspondence would be disproportionate to the needs of the case.

The requesting party must also show a substantial need for the discovery and no other practical means of obtaining the information. Based on conversations with John Reed, Plaintiff filed a motion for sanctions, alleging that John Reed, a witness to the underlying facts of this case, was threatened with the purpose of discouraging him from testifying at trial. Thereafter, Defendants drafted a declaration in which John Reed denied that he was threatened, and John Reed signed the declaration. Thus, John Reed's credibility is squarely at issue, and the circumstances surrounding the procurement of John Reed's declarations are likely to have a significant impact on assessing John Reed's credibility. Moreover, Plaintiff represents that minimal discovery has been produced regarding Defendants' procurement of John Reed's declarations, and Defendants offer no alternative means of obtaining such information.

The work product doctrine exception itself contains an exception. Specifically, the Federal Rules of Civil Procedure require that the Court "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." At the discovery dispute conference, Defendants represented, without further specification, that the email correspondence may contain such mental impressions.

## **CONCLUSION**

Based on the foregoing, Defendants are ORDERED to produce the email correspondence between Jeremy Tyrrell and Jill Wehrheim concerning the procurement of the June 12, 2017, and June 19, 2017, John Reed declarations. Defendants may redact this correspondence to remove any mental impressions, conclusions, opinions, or legal theories concerning this litigation but must produce the email correspondence by **October 20, 2017.**

**SO ORDERED.**

**DATED:  October 17, 2017**              *s/      Reona J. Daly*
                                          **UNITED STATES MAGISTRATE JUDGE**